SETH YOHALEM (*pro hac vice*)
syohalem@wjylegal.com
DANIEL R. JOHNSON (*pro hac vice*)
djohnson@wjylegal.com
WASKOWSKI JOHNSON YOHALEM LLP
954 West Washington Boulevard, Suite 322
Chicago, Illinois  60607-2224
Telephone:   (312) 278-3153
Facsimile:   (312) 690-4641

JASON M. WUCETICH (STATE BAR NO. 222113)
jason@wukolaw.com
DIMITRIOS V. KOROVILAS (STATE BAR NO. 247230)
dimitri@wukolaw.com
WUCETICH & KOROVILAS LLP
222 N. Pacific Coast Highway, Suite 2000
El Segundo, CA 90245
Telephone:   (310) 335-2001
Facsimile:   (310) 364-5201

Attorneys for Plaintiff
CHRISTIAN TETRAULT

UNITED STATES DISTRICT COURT FOR

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN TETRAULT, | Case No. 2:23-cv-05144 WLH (Ex) |
|        Plaintiff, | Hon. Wesley L. Hsu |
|      v. | **COMPETING VERDICT FORMS** |
| CAPITAL GROUP COMPANIES GLOBAL, THE CAPITAL GROUP COMPANIES, INC., and DOES 1 to 10, inclusive, | Hearing Date:   Aug. 29, 2025<br>Time:   3:00 p.m.<br>Courtroom:   9B |
|        Defendants. | Disc. Cutoff:   Dec. 16, 2024<br>Pretrial Conf.   Aug. 29, 2025<br>Trial Date:   Sept. 23, 2025 |

# **TABLE OF CONTENTS**

Plaintiff's Proposed General Verdict Form…………………………………    2

Defendants' Proposed Special Verdict Form…………………………..    4

Plaintiff's Statement re General Verdict Form……………………………    10

Defendants' Statement re Special Verdict Form…………………………    12

1

**<u>Plaintiff's Proposed Verdict Form</u>**

2

For each claim, select one of the two options listed:

3

On Mr. Tétrault's claim for breach of contract,

4

5

_____ we find in favor of Mr. Tétrault and against Capital Group Companies
          Global;

6

7

_____ we find in favor of Capital Group Companies Global and against
          Mr. Tétrault.

8

9

On Mr. Tétrault's claim for retaliation in violation of the Fair Employment and
Housing Act, Cal. Gov't Code § 12940(a)(k), and/or (h),

10

11

_____ we find in favor of Mr. Tétrault and against:
          [check one or more]

12

          [ ] Capital Group Companies Global; and/or
          [ ] The Capital Group Companies, Inc.

13

14

_____ we find in favor of Capital Group Companies Global and The Capital
          Group Companies, Inc. and against Mr. Tétrault.

15

16

On Mr. Tétrault's claim for discrimination in violation of the Fair Employment and
Housing Act, Cal. Gov't Code § 12940(a),

17

18

_____ we find in favor of Mr. Tétrault and against:
          [check one or more]

19

          [ ] Capital Group Companies Global and/or

20

          [ ] The Capital Group Companies, Inc.

21

_____ we find in favor of Capital Group Companies Global and The Capital

22

          Group Companies, Inc. and against Mr. Tétrault.

23

On Mr. Tétrault's claim for wrongful termination in violation of public policy,

24

25

_____ we find in favor of Mr. Tétrault and against:
          [check one or more]

26

          [ ] Capital Group Companies Global; and/or

27

          [ ] The Capital Group Companies, Inc.

28

COMPETING VERDICT FORMS

_____ we find in favor of Capital Group Companies Global and The Capital Group Companies, Inc. and against Mr. Tétrault.

On Mr. Tétrault's claim for retaliation in violation of California Labor Code § 1102.5,

_____ we find in favor of Mr. Tétrault and against:
    [check one or more]
    [ ] Capital Group Companies Global; and/or
    [ ] The Capital Group Companies, Inc.

_____ we find in favor of Capital Group Companies Global and The Capital Group Companies, Inc. and against Mr. Tétrault.

Complete the section below only if you find in favor of Mr. Tétrault on at least one of his five claims.

We award Mr. Tétrault the following damages:

        Lost Compensation $_____

        Emotional Distress $_____

Complete the section below only if you find in favor of Mr. Tétrault on at least one of the four claims above besides the breach of contract claim:

On whether punitive damages should be awarded,

_____ we find that punitive damages should be awarded in favor of Mr. Tétrault and against:
    [check one or more]
    [ ] Capital Group Companies Global; and/or
    [ ] The Capital Group Companies, Inc.

_____ we find in favor of Capital Group Companies Global and The Capital Group Companies, Inc. and against Mr. Tétrault.

Signed: _____
                Presiding Juror
Dated: _____

After this verdict form has been signed, notify the clerk or bailiff.

COMPETING VERDICT FORMS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **Defendants' Proposed Verdict Form**

### **INSTRUCTIONS FOR SPECIAL VERDICT**

Ladies and Gentlemen of the Jury:  Your verdict in this case will consist of answers to the questions stated below.  All of you must agree on each question and be able to state when you return to the courtroom that your vote is expressed in the answer on the verdict form.  As soon as all of you have agreed upon each answer as required by the directions, the Presiding Juror must sign and date this Special Verdict on the last page and notify the courtroom attendant.

### **SPECIAL VERDICT**

We, the jury in the above action, find the following Special Verdict on the questions submitted to us:

## EMPLOYER STATUS

1.      Were Capital Group Companies Global and The Capital Group Companies joint employers of Christian Tétrault?

Yes _____   No _____

Go to the next question.

2.      Were Capital Group Companies Global and The Capital Group Companies an integrated enterprise, with respect to the employment of Christian Tétrault?

Yes _____   No _____

Go to the next question.

## BREACH OF CONTRACT – VF-300

3.      Did Christian Tétrault and Capital Group Companies Global enter into a contract?

Yes _____   No _____

Go to the next question.

4.      Did Christian Tétrault and The Capital Group Companies enter into a contract?

Yes _____   No _____

If your answer is "Yes," to question 3 or 4 then answer the next question.  If your answer is "No," to question 3 and 4, do not answer questions 5 to 9, and go to question 10.

5.      Did Christian Tétrault do all, or substantially all of the significant things that the contract required him to do?

Answer:     Yes_____   No_____

If your answer is "Yes," then answer the next question.  If your answer is "No," do not answer questions 6 to 9, and go to question 10.

6.      Was Christin Tétrault excluded from having to do all, or substantially all of the significant things that the contract required of him to do?

Answer:     Yes_____   No_____

5

COMPETING VERDICT FORMS

If your answer is "Yes," then answer the next question. If your answer is "No," do not answer questions 7 to 9, and go to question 10.

7.    Did Capital Group Companies Global or The Capital Group Companies do something that the contract required it to do?

    Answer:    Yes_____    No_____

If your answer is "Yes," then answer the next question. If your answer is "No," do not answer questions 8 or 9, and go to question 10.

8.    Did Capital Group Companies Global or The Capital Group Companies fail to do something that the contract required it to do?

    Answer:    Yes_____    No_____

If your answer is "Yes," then answer the next question. If your answer is "No," do not answer question 9, and go to question 10.

9.    Was Christian Tétrault harmed by the breach of contract?

    Answer:    Yes_____    No_____

Go to the next question.

**NATIONAL ORIGIN DISCRIMINATION/WRONGFUL TERMINATION**

10.    Did Capital Group Companies Global or The Capital Group Companies terminate Christian Tétrault's employment?

    Answer:    Yes_____    No_____

If your answer is "Yes," then answer the next question. If your answer is "No," do not answer questions 11 or 12, and go to question 13.

11.    Was Christian Tétrault's national origin (French Canadian) a substantial motivating reason for his employer's decision to terminate his employment?

    Answer:    Yes_____    No_____

If your answer is "Yes," then answer the next question. If your answer is "No," do not answer question 12, and go to question 13.

12.    Was the decision a substantial factor in causing harm to Christian Tétrault?

Answer:    Yes_____    No_____

Go to the next question.

## RETALIATION – FAIR EMPLOYMENT AND HOUSING ACT

13.    Did Christian Tétrault complain to a supervisor about national origin discrimination?

Answer:    Yes_____    No_____

If your answer is "Yes," then answer the next question.  If your answer is "No," do not answer questions 14 to 16, and go to question 17.

14.    Did Capital Group Companies Global or The Capital Group Companies terminate Christian Tétrault's employment?

Answer:    Yes_____    No_____

If your answer is "Yes," then answer the next question.  If your answer is "No," do not answer questions 15 to 16, and go to question 17.

15.    Was Christian Tétrault's complaint of national origin  discrimination a substantial motivating reason for the decision to terminate Christian Tétrault's employment?

Answer:    Yes_____    No_____

If your answer is "Yes," then answer the next question.  If your answer is "No," do not answer question 16, and go to question 17.

16.    Was the decision to terminate Christian Tétrault's employment a substantial factor in causing harm to him?

Answer:    Yes_____    No_____

Go to the next question.

## RETALIATION – CALIFORNIA LABOR CODE SECTION 1102.5

17.    Did Christian Tétrault disclose to a person with authority over him  or an employee with the authority to investigate, discovery or correct violations or

7

non-compliance with law.

Answer:    Yes_____    No_____

If your answer is "Yes," then answer the next question.  If your answer is "No," do not answer questions 18 to 21, and to go question and follow the instructions.

18.    Did Christian Tétrault have reasonable cause to believe that the information disclosed was a violation of state or federal law, rule or regulation?

Answer:    Yes_____    No_____

If your answer is "Yes," then answer the next question.  If your answer is "No," do not answer questions 19 to 21, and go to question 22 and follow the instructions.

19.    Did Capital Group Companies Global or The Capital Group Companies terminate Christian Tétrault's employment.

Answer:    Yes_____    No_____

If your answer is "Yes," then answer the next question.  If your answer is "No," do not answer questions 20 or 21 and go to question 22 and follow the instructions.

20.    Was Christian Tétrault's disclosure of information a contributing factor in the decision to terminate his employment?

Answer:    Yes_____    No_____

If your answer is "Yes," then answer the next question.  If your answer is "No," do not answer question 21, and go to question 22 and follow the arguments.

21.    Did Capital Group Companies Global or The Capital Group Companies prove by clear and convincing evidence that it would have taken terminated Christian Tétrault anyway at that time for legitimate, independent reasons?

Answer:    Yes_____    No_____

Go to the next question and follow the directions.

## DAMAGES

If you only answered "Yes," to question 9, and you answered "No," or did not answer questions 12, 16, **and** 20, only answer questions 22a and 22b.

If you answered "Yes" to questions 9, 12, 16 or 20 **and** "No" to question 21, then answer question 22.  If you answered "No" or did not answer questions 9, 12, 16, and 20, do not answer any more questions and the Presiding Juror should sign and date.

22.    What are Christian Tétrault's damages?

    a. Past economic damages:              $_____

    b. Future economic damages:            $_____

    c. Past non-economic damages:         $_____

    d. Future non-economic damages:       $_____

Answer question 23 only if you filled in an amount to question 22.

23.    Did Christian Tétrault prove by clear and convincing evidence that a Capital Group Companies Global or The Capital Group Companies officer, director or managing agent engaged in, authorized or approved malicious, oppressive or fraudulent conduct toward him?

    Answer:    Yes_____    No_____

Print Name: _____

Signed: _____

Dated: _____

After the verdict form has been signed, notify the bailiff that you are ready to present your verdict in the courtroom.

9

**Plaintiff's Statement re General Verdict Form**

The Parties disagree about which verdict form the Court should employ. Plaintiff proposes a verdict form that specifies which party prevails on each count, whether to award punitive damages, and the amount of economic and emotional distress damages. Capital Group proposes a lengthy special verdict form that appears would apply to a different case. Which verdict form to use is entirely within the discretion of the Court. *Floyd v. Laws*, 929 F.2d 1390, 1395 (9th Cir. 1991) ("As a general rule, the court has complete discretion over whether to have the jury return a special verdict or a general verdict.")

Here, Capital Group's proposed special verdict form is overly long, confusing and incorrect. For example, it asks the jury about whether Plaintiff entered into a contract with The Capital Group Companies, Inc., (*see* Question 4) but Plaintiff has no claim for breach of contract against that entity. It asks the jury to decide whether Plaintiff performed on his employment agreement (*see* Question 5), but Plaintiff's performance is not at issue. It asks the jury "Did Capital Group Companies Global or The Capital Group Companies do something that the contract required it to do?" (Question 7) which appears to be irrelevant. It omits entirely Plaintiff's original complaint that Condon's discriminatory conduct prevented him from being promoted or paid more and does not appear to address Plaintiff's wrongful termination in violation of public policy claim.

Put simply, Capital Group's proposed verdict form provides little value and is likely to confuse the jury. Other federal courts have declined to use a special verdict form in FEHA cases and this Court should exercise its discretion to do the same. *E.g. Cahill v. Edalat*, Nos. 17-56826, 17-56894, 18-55171, 2021 U.S. App. LEXIS 20249, at *11 (9th Cir. July 8, 2021) (affirming use of general verdict form in case involving multiple claims including FEHA).

Citing to California state court procedural authority, Capital Group claims Plaintiff wants to use a general verdict form to prevent meaningful appellate review.

This is not accurate.  Plaintiff believes a simple verdict form will allow the jury to render a fair verdict based on the detailed instructions the Court will provide without overly complicating its task, an approach endorsed by the Ninth Circuit.  Using a complicated special verdict form that does not accurately reflect the issues in the case poses far greater problems, including jury confusion.

Capital Group also incorrectly asserts that Plaintiff has a claim that is not subject to compensatory or punitive damages.  As to compensatory damages, Capital Group's assertion is not accurate; all of Plaintiff's claims that will be tried to the jury entitle him to compensatory damages.  As to punitive damages, if the jury returns a verdict using Plaintiff's verdict form only in Plaintiff's favor on breach of contract, then there will be no punitive damages and Plaintiff's verdict form so instructs the jury.

COMPETING VERDICT FORMS

**<u>Defendants' Statement re Special Verdict Forms</u>**:

The general verdict form does not conform to each element of each cause of action, and purposely leaves out the affirmative defenses. Also, given there are issues of joint employment, as well as five separate cause of action and affirmative defenses which have different burdens of proof, a general verdict form in this case is not proper. Capital Group understands that in federal court has discretion to determine the type of verdict form to be given to the jury. However, challenges to the verdict are reviewed de novo on appeal, and a special verdict protects on parties on an appeal. (Cf. *City of San Diego v. D.R. Horton San Diego Holding Co., Inc.* (2005) 126 Cal.App.4th 668, 678; *Klemme v. Hoag Memorial Hospital Presbyterian* (1980) 103 Cal.App.3d 640, 645 ["Utilization of a special verdict rather than a general verdict is a matter committed to the sound judicial discretion of the trial court"].) The general verdict form is the hardest to challenge on appeal for evidentiary issues because of the favorable presumptions and inferences indulged by the reviewing court.

Here, the Court should use a special verdict, because it does not create *any* implied findings. (*Taylor v. Nabors Drilling USA* (2014) 222 Cal.App.4th 1228, 1242, citations omitted.) By its very nature, a special verdict requires the jury to resolve all of the controverted issues in the case, unlike a general verdict, which merely implies findings on all issues in one party's favor. *Id*. Using a general verdict here would do just that – create implied findings, and an possibility of an incomplete verdict. Here, especially in an employment case with two defendants, several claims, affirmative defenses, and a possibility of punitive damages, an incomplete or defective verdict is highly probable. Accordingly, the possibility of a defective or incomplete special verdict, or possibly no verdict at all, is much greater than with a general verdict that is tested by special findings. (*Saxena v. Goffney* (2008) 159 Cal.App.4th 316, 325, citing *Myers Building Industries, Ltd. v. Interface Technology, Inc.* (1993) 13 Cal.App.4th 949, 960.)

1          Here, Plaintiff's desire to use a general verdict is intended for the very reason

2    why it should be not used. If the jury returns a general verdict and the court is

3    unable to determine whether the jury relied on that legally incorrect theory in

4    reaching its verdict, reversal is often warranted. That would be the case here. Also,

5    at least one of the claims is not subject to compensatory damages or punitive

6    damages, and the general verdict does not take that into account. Therefore, the use

7    of the special verdict in this particular case will assist the jury and allow it to parse

8    through the various elements of a complex case, such as this involving different

9    claims, affirmative defenses and different burdens of proof so that all of the parties

10   can be assured of a fair assessment of the evidence and the respective burdens of

11   proof. Each question guides the jurors through the elements and defenses, increasing

26   //

27   //

28   //

the ease by which the jurors can reach their decisions and the parties faith that the correct decision(s) were made. The Special Verdict form follows CACI for all of the claims and request for damages, which reduces the likelihood of any appellate error.

COMPETING VERDICT FORMS

1

2    DATED:  August 15, 2025          WASKOWSKI JOHNSON YOHALEM LLP

3                                     By:  */s/ Seth Yohalem*

4                                          Seth Yohalem
                                           (*Pro hac vice*)
5

6    DATED:  August 15, 2025          SHEPPAR MULLIN RICHTER & HAMPTON
                                      LLP
7

8                                     By:  */s/ Tracey Kennedy*

9                                          Tracey Kennedy

10                                         Attorneys for Defendants Capital Group
                                           Companies Global and Capital Group
11                                         Companies, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPETING VERDICT FORMS